## THE STATE *v.* LANDAFF.

A delay to build a new road for eighteen months, and a refusal to raise money to build it, is an *unreasonable* neglect, which will subject the town to indictment.

An application for a discontinuance of such new road, and a report of the road commissioners thereupon, allowing time to build the road, is no defence to such indictment.

INDICTMENT, for not building a road. The road was laid out by the road commissioners, extending about three miles and a

quarter, through a rough, rocky, wilderness country.  The cost of building it was estimated at fourteen hundred dollars.  Their report was accepted at the October Term, 1848.  At the April Term, 1849, the town entered a petition for the discontinuance of the road, which, after due notice, was referred to the road commissioners.  A hearing was had before them in November, 1849. At the April Term, 1850, the commissioners made a report, that no changes had taken place since the road was laid out, sufficient to require its discontinuance, and that, in their opinion, the town should be allowed two years, in which to construct the road; and this report was accepted upon the last day of said term.  This indictment was found at the May Term, 1850, and without any other or further notice than is above stated.

The town had never commenced the construction of the road, but had always refused to do any thing upon the same; and had once or more, before the finding of this indictment, at a legal town meeting, refused to raise money for that purpose; and had entered another petition for a discontinuance, which is still pending.  The counsel for the town contended, that in judgment of law upon these facts, when the indictment was found, there had not been an unreasonable neglect to build the road, and that no fine should be imposed upon the town, upon this indictment.

*C. R. Morrison* and *Hibbard,* for the town.

*J. E. Sargent,* Solicitor, for the State.

BELL, J.  The road had been laid out more than eighteen months before the indictment was found, and the town had refused, in town meeting, to raise money to build it, and had done nothing toward that purpose.  The delay was unreasonable, the neglect of duty by the town manifest, and the grand jury were fully warranted, upon the facts stated in the case, in finding the bill, as the State's counsel is, in prosecuting it.  The application for a discontinuance furnishes no defence.  It might be a reason for delay.  Ending as the first application did in an adverse report, it merely shows, that the neglect to build the road was

justified by no good reason. The second application, after a discontinuance has been once refused, could hardly be regarded as furnishing a reason even for delay.

The road commissioners, upon the reference to them of the petition for a discontinuance, had no authority to consider or decide any question as to the time within which the road ought to be built, and their opinion of course was extrajudicial, and not binding upon any body. The acceptance of their report did not imply that the court had adopted that opinion, or were even aware that they had volunteered an opinion upon the subject. As the opinion of highly respectable citizens, whose duty upon the reference of the petition had led them to examine in relation to the road, it was deserving of consideration upon an application to the counsel for the State for delay, or upon a motion to the Court, not for a postponement of a trial, for there seems nothing to try, but for a delay of sentence, until it shall be more clearly seen what fine should be imposed; but the liability of the town is not in any way affected by it.